SCHWARZ, PETICIONARIO, *v.* LA CORTE DE DISTRITO DE ARECIBO, DEMANDADA.

SOLICITUD para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de Arecibo, Hon. Enrique Lloreda, Juez.

No. 415.—Resuelto en junio 8, 1923.

ASEGURAMIENTO DE SENTENCIA—FIANZA PARA ASEGURAMIENTO DE SENTENCIA— COMPAÑÍAS FIADORAS.—Una liberal interpretación de la sección 6 de la ley de 1902 sobre efectividad de sentencias, en armonía con el artículo 355 del Código de Enjuiciamiento Civil y con la sección 159 de la Ley de Seguros de Puerto Rico, permite concluir que es válida una fianza prestada, a fin de obtener el levantamiento de embargo decretado para aseguramiento de sentencia, por una compañía de seguros organizada y autorizada de acuerdo con las leyes de Puerto Rico para prestar fianza en acciones o procedimientos de ley.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Juan de Guzmán Benítez.*

Abogado de la parte contraria: *Sr. G. Zeno Sama.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de *certiorari.* La cuestión envuelta es la de si una compañía de seguros organizada de acuerdo con las leyes de Puerto Rico, autorizada para prestar fianzas en acciones o procedimientos de ley, puede intervenir como fiadora a los efectos de obtener el levantamiento de un embargo decretado de acuerdo con la ley sobre efectividad de sentencias.

De los autos resulta que seguido cierto pleito en la Corte

de Distrito de Arecibo, se decretó el embargo de la efectividad de la sentencia que pudiera dictarse en el mismo y se embargaron, en efecto, ciertas cajas de mercancías pertenecientes al demandado. Este pidió el levantamiento del embargo trabado garantizando la suma reclamada por medio de una fianza de "The Porto Rico & American Insurance Co.," una corporación organizada con arreglo a las leyes de Puerto Rico, por virtud de la cual dicha corporación se comprometía a pagar a los demandantes la suma de $1,800 reclamada en la demanda si a ello fueren condenados los demandados. Los demandantes se opusieron y la corte resolvió la cuestión planteada así:

"Considerando que la fianza propuesta por los demandados e impugnada por el demandante, por no ajustarse a lo que dispone la sección 6 de la ley sobre efectividad de sentencias, de que 'solamente podrán ser fiadores personales las personas que pagaren al Tesoro Insular de la Isla de Puerto Rico, a título de dueños, una contribución sobre la propiedad, representativa de un capital cuyo valor sea el doble de la fianza exigida por el tribunal para decretar el aseguramiento; y no reuniendo tales esenciales y necesarios requisitos la fianza acompañada;

"No ha lugar a su aprobación; y se desestima asimismo, en razón a lo alegado por el demandante, la petición de dejar a disposición de éste las mercancías embargadas."

Si se examina la ley citada por el juez de distrito aisladamente, su resolución estaría bien fundada, pero con posterioridad a la Ley sobre efectividad de sentencias la Legislatura aprobó el Código de Enjuiciamiento Civil cuyo artículo 355, en lo pertinente, dice: "En todos los casos en que, de conformidad con lo dispuesto por este Código, deba constituirse una fianza personal, el funcionario ante quien se preste exigirá que dicha fianza vaya acompañada * * * (2) Toda corporación con un capital cobrado o ingresado, que no baje de cien mil dollars, incorporada de acuerdo con las leyes de esta Isla, o de cualquier Estado de los Estados

Unidos, con objeto de prestar fianzas o garantizar obligaciones exigidas por la ley, podrá constituirse en garante y ser aceptada como tal, o como única y suficiente fiadora de dichas obligaciones; y la fianza de tal persona jurídica estará sujeta a todas las responsabilidades y gozará de todos los derechos correspondientes a las fianzas de personas naturales; siempre que dicha corporación hubiere cumplido con todos los requisitos de las leyes de la isla que rigen para la formación de dichas corporaciones, y su admisión a esta clase de negocios," y la Ley de Seguros de Puerto Rico, que autoriza en su sección 159 a las corporaciones que de acuerdo con ella se organicen a prestar "Seguros para garantizar el fiel desempeño de los deberes del cargo de personas que ocupen puestos públicos, o privados, de confianza; para garantizar el fiel cumplimiento de contratos que no fueren de seguros, o para otorgar fianzas o garantías en acciones o procedimientos de ley, y, además, seguros para indemnizar    *    *    * ."

Armonizando todas esas leyes que tienden a facilitar y a modernizar las transacciones, no es posible negar eficacia a una fianza debidamente prestada por una corporación de la clase indicada, en los procedimientos sobre aseguramiento de sentencias. Y cuando tal fianza se presta, no es necesario el requisito de la demostración del pago de contribución, porque la solvencia de la corporación está constantemente investigada por el Gobierno. Ley citada, o sea, la número 66 proveyendo lo necesario para la incorporación de compañías de seguro del país, para regular el negocio de seguros en Puerto Rico, y para otros fines, aprobada el 16 de julio de 1921.

Por virtud de todo lo expuesto, debe anularse la orden de que se queja el peticionario, o sea, la dictada por la Corte de Distrito de Arecibo el 9 de mayo de 1923 en el pleito número 6799, devolviéndose los autos de dicho pleito a la expresada corte de distrito para que continúe tramitán-

dolos de acuerdo con la ley y los principios establecidos en esta opinión.

*Anulada la orden de marzo 9, 1923 con devolución del caso.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.